COPE, J.
(concurring in part, dissenting in part).
Plaintiffs-appellees sued defendants-appellants for, in substance, financial fraud. After a bench trial, the trial court found for the plaintiffs on their claims for conversion, breach of fiduciary duty, fraud, and civil theft. The trial court entered a multi-million dollar judgment on each count. On the civil theft count, the court entered a treble damage award of approximately eighty million dollars jointly and severally against all defendants.
The defendants are correct that the trial court erred in entering the treble damage award against the corporate defendants. There was only one civil theft count in the third amended complaint. That count was only filed against the individual defendant, Pedro Castillo, not against the corporate defendants. That count stated:

COUNT XII

CIVIL THEFT AGAINST DEFENDANT CASTILLO
180. Incorporated by reference, as if repeated, herein are all allegations of fact set forth in paragraphs 1 through 179.
181. Defendant Castillo wrongfully and without the knowledge, consent, or authorization of Plaintiffs, misappropriated funds belonging to Plaintiffs for his own use and/or benefit and/or for the use and/or benefit of Defendants 6-F Corporation, FAS, TOB, Intertrade Development and other of his sham companies.
182. Defendant Castillo obtained and retained these funds for his own use and/or benefit and/or for the use and/or benefit of Defendants 6-F Corporation, FAS, TOB, Intertrade Development and other of his sham companies with the felonious intent to commit a theft and to permanently deprive Plaintiffs of their lawful rights to those funds.
183.On June 1, 2006, Plaintiffs sent Defendant Castillo, through his counsel, a demand for the stolen funds. The Plaintiffs received no response nor have any of the funds been returned.
WHEREFORE Plaintiffs demand treble the amount of damages proven at trial.
Since by its express terms count twelve was asserted against defendant Castillo only, it follows that treble damages should have been entered against him alone, and not the corporate defendants.
The plaintiffs argue that there was a factual basis for imposition of joint and several liability against all defendants. That may be true, but no treble damage claim was pled against the corporate defendants. Therefore we should reverse the treble damage award against the corporate defendants.
I concur in affirming with regard to the defendants’ remaining points on appeal.